605 A.2d 395

**Patricia WU, Appellant,**

v.

**Michael SPENCE, M.D., and Hahnemann
University Hospital, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 16, 1992.

Filed March 24, 1992.

Henri Marcel, Broomall, for appellant.

James M. Penny, Jr., Philadelphia, for appellees.

Before ROWLEY, President Judge, and OLSZEWSKI, and MONTEMURO, JJ.

OLSZEWSKI, Judge.

This is an appeal from the order of the Court of Common Pleas of Philadelphia County denying appellant's motions to remove a compulsory nonsuit and for a new trial. Appellant brought this medical malpractice action based upon appellee's failure to inform her of the risks of the drug treatment prescribed. The trial court granted the nonsuit upon a finding that no action will lie based upon a lack of informed consent of the risks involved with a therapeutic drug treatment. Since we find no error, we affirm the decision of the trial court. A discussion of the case follows.

Appellant, Patricia Wu, was under the care of appellee, Michael Spence, M.D., for the treatment of trichomonas.[1] Appellant was admitted to the hospital and treated intravenously with the antibiotic flagyl. Appellant's theory of recovery was that appellee failed to advise her of the potential risk of peripheral neuropathy as a result of the flagyl treatment. No evidence was to be presented on a negligence or medical malpractice theory. The case was solely based upon a lack of informed consent. The case was submitted to the court for a determination of the legal issues in the case. The court determined initially that no cause of action would lie based upon a lack of informed consent to the risks associated with the administration of a therapeutic drug. On agreement of parties, the court received the statement of plaintiff's counsel regarding the evidence to be presented at trial and the depositions of appellant and her medical expert. At this point appellee moved for a nonsuit, which the court granted. Appellant filed motions to remove the nonsuit and for a new trial, which were denied. From the denial of these motions, appellant filed this timely appeal.

1. Trichomonas is an infection of the female reproductive tract.

354

The standard of review on the appeal of a denial of a motion to remove a nonsuit is well settled. The plaintiff must be allowed the benefit of all favorable evidence and reasonable inferences arising therefrom, and any conflicts in the evidence must be resolved in favor of plaintiff. *Coatesville Contractors v. Borough of Ridley,* 509 Pa. 553, 558–60, 506 A.2d 862, 865 (1986). Further, "[i]t has been long settled that a compulsory nonsuit can only be granted in cases where it is clear that a cause of action has not been established." *Id.* "However where it is clear a cause of action has not been established, a compulsory nonsuit is proper." *Toth v. Economy Office Forms Corp.,* 391 Pa.Super. 383, 386–88, 571 A.2d 420, 422 (1990). "We must, therefore, review the evidence to determine whether the order entering judgment of compulsory nonsuit was proper." *Coatesville,* 509 Pa. at 559–60, 506 A.2d at 865. With this as our standard of review, we have reviewed the record in this matter and find that it is clear no cause of action was established, and, therefore, the trial court properly granted the nonsuit.

Appellant has argued that the doctrine of informed consent should apply to the intravenous administration of a therapeutic drug. In this regard appellant has argued that the court should consider the touching involved with the intravenous administration of the flagyl sufficient to form the basis of the battery required for informed consent. In the alternative appellant has argued that we should adopt a negligence standard for informed consent, as opposed to the battery standard which has been the traditional basis of informed consent in this Commonwealth. Finding no merit to appellant's arguments, we affirm the decision of the trial court.

Appellant's initial argument is that the touching involved with the intravenous administration of the drug was a sufficient touching to find a battery to support a cause of action under informed consent. We do not agree. In the case before the Court, appellant is clearly claiming damages caused by the action of the drug. Appellant is not

claiming that she was harmed by the insertion of the needle. The method of administration of the drug is irrelevant to appellant's cause of action.

When it is the need for an injection which the patient disputes, it is reasonable to impose a duty of informed consent. For example, there are some drugs which may be administered either orally or by injection; the decision to inject such a drug should be made only with the patient's informed consent. On the other hand, when it is the substance administered, not the method of administration, which is challenged I agree with Judge Hoffman that it is absurd to invoke the duty of informed consent simply because the physician or nurse must touch the patient to inject the drug.

*Karibjanian v. Thomas Jefferson University Hospital*, 717 F.Supp. 1081, 1084 (1989) (discussing the dissenting opinion of Hoffman, J., in *Malloy v. Shanahan*, 280 Pa.Super. 440, 421 A.2d 803 (1980)). Appellant does not claim a lack of consent in regard to the method of administration of the drug. Appellant claims a lack of consent only in regard to the potential for peripheral neuropathy as a side effect of the flagyl. Further, appellant does not claim that the intravenous administration of the drug caused or increased this side effect. In appellant's expert's video-taped trial deposition, he states that the effect would not differ greatly whether the administration was oral or intravenous, because flagyl is very well absorbed orally. We find appellant's first argument unconvincing and without merit. Further, for the reasons discussed below, we find that to expand informed consent to facts where a technical battery has not occurred would completely reverse a decision of the Pennsylvania Supreme Court.

■ Appellant's second argument on appeal is that this Court should adopt a negligence standard for informed consent. Traditionally informed consent in Pennsylvania has been grounded in battery. *Gray v. Grunnagle*, 423 Pa. 144, 223 A.2d 663 (1966). The basis of an action for a lack of informed consent is that when a physician touches a

patient a technical battery occurs, unless that touching is done with the patient's consent. *Id.* An emergency situation is, of course, an exception. The caselaw has consistently refused to extend informed consent to the administration of therapeutic drugs. *Boyer v. Smith,* 345 Pa.Super. 66, 497 A.2d 646 (1985); *Malloy v. Shanahan,* 280 Pa.Super. 440, 421 A.2d 803 (1980). *See also Keech v. Mead Johnson and Company,* 398 Pa.Super. 329, 580 A.2d 1374 (1990). This Court has consistently limited informed consent to a battery theory. We will not expand informed consent here.

In *Boyer,* the Court held that the doctrine of informed consent should be limited to those cases involving surgical or operative procedures. *Boyer,* 345 Pa.Superior Ct. at 71–73, 497 A.2d at 649. The Court based this determination on the fact that the Pennsylvania Supreme Court, in *Gray v. Grunnagle,* grounded the doctrine of informed consent "upon the legal theory that the performance of a medical procedure without a patient's informed consent constitutes a technical assault or battery." *Id.* The Court in *Boyer* felt that to expand the doctrine to the administration of therapeutic drugs would totally obliterate the standard set forth in *Gray,* and, therefore, felt bound by the decision of our Supreme Court in *Gray. See Levinson v. Souser,* 384 Pa.Super. 132, 557 A.2d 1081 (1989). We must agree with the Court in *Boyer.* Expanding informed consent to include therapeutic drug treatment would completely obliterate the standard set forth by the Supreme Court in *Gray.* We further believe that the adoption of a negligence standard would also completely obliterate the standard set forth in *Gray.* We feel duty bound to follow the law as established by our Supreme Court.

It may be time for the Supreme Court to reconsider its decision in *Gray.* The greater use of various drug treatments has led to a situation where the risk associated with adverse side effects may be considerable. Further, there is the possibility that in light of adverse side effects, a patient may wish to chose an alternative treatment. A patient's decision to undergo drug therapy should be no less in-

formed than a decision to undergo surgery. The law should require that a physician provide his patient with all available information and options. We find the dissenting opinion of Judge Hoffman in *Malloy v. Shanahan* persuasive in regard to adopting a negligence standard to eliminate any present confusion in the law. Under the present development of the law, whether or not to make such a change in the law is not within the province of this Court.

Since clearly no cause of action was established, the nonsuit was proper.

Order affirmed.

MONTEMURO, J., concurs in the result.