## Gable v. Isicrate

C.P. of Philadelphia County, no. 4628.

*Michael J. Aniello,* for plaintiff.
*Arthur W. Lefco,* for defendant.

DiNUBILE, *J.,* November 7, 1995—This opinion arises from the grant of a motion for summary judgment in favor of the defendant attorney and his law firm, Isicrate, relating to the above captioned suit brought against him for wrongful use of civil proceedings under

42 Pa.C.S. §8351 et seq. The basis for this court's grant of summary judgment is due to the absence of one of the five elements required to maintain a successful cause of action under the Act. Since the defendant attorney in the underlying case did have probable cause to bring the suit, plaintiff's claim against him in this case must fail.

The plaintiff in this action, Dr. Gable, had been sued by defendant, Isicrate, in an underlying matter, on behalf of his clients, Mr. & Mrs. Plitt, for allegedly negligently informing them that Mr. Plitt had sexually abused their 11-year-old daughter. This accusation, which formed the basis of the underlying action against Dr. Gable, occurred in Northeastern Hospital where the Plitts' speech and hearing impaired daughter, Missy, had been taken complaining of pain in the genital region. Dr. Gable successfully defended this cause of action on the grounds that her statements were privileged because she was immune from all liability pursuant to the Child Protective Services Law, 23 Pa.C.S. §6301 et seq. Dr. Gable filed a motion for summary judgment predicated on immunity grounds. It was denied. However, the doctor ultimately prevailed by obtaining a nonsuit in her favor upon the close of the Plitts' case at trial. Thereafter, this suit for wrongful use of civil proceedings was commenced.

Dr. Gable's action is brought pursuant to 42 Pa.C.S. §8351 et seq. which sets out five elements which must be established in order for a plaintiff to prevail. The Act requires that a plaintiff establish that:

"(1) The defendant has procured, initiated or continued the civil proceedings against him.

"(2) The proceedings were terminated in his favor.

"(3) The defendant did not have probable cause for his action.

"(4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

"(5) The plaintiff has suffered damages as set forth in section 8353 (relating to damages)."

There is no question that the defendant, Isicrate, on behalf of his clients, instituted civil proceedings against Dr. Gable. Secondly, it is clear that these proceedings were terminated in Dr. Gable's favor. There certainly exists a genuine issue of fact concerning the primary purpose for which the defendant, on behalf of his clients, initiated the underlying suit. The issue of damages sustained by the plaintiff is a factual matter as well. However, the court is constrained to grant a motion for summary judgment because a third element, which provides that the defendant did not have probable cause for bringing the underlying action, is not met.

"A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so *if he reasonably believes in the existence of the facts upon which the claim is based, and either:*

"(1) Reasonably believes that under those facts the claim may be valid under the existing or developing law; . . ." *Gentzler v. Atlee,* 443 Pa. Super. 128, 134, 660 A.2d 1378, 1381 (1995). (emphasis in original)

The plaintiff, Dr. Gable, in defense of this motion for summary judgment, asserts that she was immune from suit under the Child Protective Services Act. Therefore, there was no basis nor probable cause for the defendant, Isicrate, to institute suit against her on behalf of his clients, the Plitts. 23 Pa.C.S. §6315(c) provides as follows:

"An individual taking a child into protective custody under this chapter shall immediately, and within 24 hours in writing, notify the parent, guardian or other custodian of the child of the whereabouts of the child and the reasons for the need to take the child into protective custody and shall immediately notify the appropriate child protective service in order that proceedings under 42 Pa.C.S. ch.63 (relating to juvenile matters) may be initiated, if appropriate."

Plaintiff, Dr. Gable, asserts that due to the existence of this provision in the Child Protective Services Act, she was completely immune from suit. She argues that logically under the Act after she received evidence of abuse from the child she was obligated not only to tell the parents about this abuse but to also explain to them that Mr. Plitt had been accused. Even assuming this argument to have merit, the defendant attorney in this case had a reasonable basis under existing or developing law to maintain the action. There existed, at the very least, a genuine issue of material fact concerning whether or not the child was actually taken into protective custody. There was evidence that the child was admitted to the hospital for a medical reason, rather than to protect her from further abuse. Isicrate, at the time he made the decision to commence suit,

had a reasonable basis to conclude that the immunity provision did not apply since the child may not have been taken into protective custody. The disputed facts as to why she was admitted into the hospital coupled with his interpretation of the applicability of the law, gave him probable cause.

This case is distinguishable from the recent leading case of *Gentzler v. Atlee, supra.* In *Gentzler,* the defendant attorney had brought suit in the underlying action against the plaintiff doctor arising from coronary surgery in which his client was infected with the HIV virus as a result of a transfusion occurring during this operative procedure. The basis for the suit was lack of informed consent and negligence. The defendant attorney's client had been a patient of the plaintiff physician for a number of years. The Superior Court, in overruling the trial judge's grant of summary judgment in favor of the defendant lawyer, held that the attorney had no reasonable basis for bringing the suit. The doctor in no way was involved nor participated in the surgery in question. The facts in *Gentzler* differ from those in the instant case. In this case, there existed a factual issue concerning whether Dr. Gable did in fact possess a privilege under the Act. Consequently, since the defendant Isicrate had probable cause to initiate the underlying action, he must prevail on his motion for summary judgment.

## ORDER

And now, November 7, 1995, the motion for summary judgment of defendants, Paul V. Isicrate, Esquire and Goldberg, Felice & Isicrate Associates Ltd., is granted.