# Cruz v. Princeton Insurance Company

*Anne E. Pedersen,* for plaintiffs.
*Jonathan Cass, Patricia Otto* and *Jeffrey B. McCarron,* for defendants.

SYLVESTER, *J.,* February 15, 2005—Appellants, Jacqueline Nieves Cruz and Oscar Cruz, appeal from this court's order of October 15, 2004 (docketed on October 18, 2004) granting summary judgment in favor of defendants.

## FACTUAL AND PROCEDURAL HISTORY

Appellants brought the instant action against defendants alleging abuse of process. The underlying action from which the instant action arose involved a medical malpractice action filed by appellants in 1994 on behalf of their minor son, Adam Omar Cruz, both individually and as the minor child's parents and natural guardians.

During trial of the underlying medical malpractice action, appellants withdrew all individual claims in their own right prior to the case going to the jury, proceeding solely as representatives of their son. The jury returned a verdict in favor of Adam in the amount of $10,881,431 against Northeastern Hospital.

Princeton Insurance Company retained the services of Alan S. Gold, Esquire, to appeal the decision in the medical malpractice action on behalf of Northeastern Hospital, to whom it had provided insurance coverage at all times relevant to that action. The parties agreed to participate in mediation during the pendency of that appeal. Appellants' decision to engage in mediation was based upon the recognition that there was a substantial chance that the case would be reversed on appeal. After appellants appeared to be rejecting an offer of approximately $7 million, Princeton suggested to Mr. Gold that he request the appointment of a guardian ad litem for the minor child. Following Princeton's suggestion, on February 27, 2002, Mr. Gold filed a petition on Princeton's behalf to appoint a guardian ad litem for purposes of obtaining an independent, unbiased evaluation of the settlement offer. The petition was denied by the Honorable Carolyn E. Temin on March 7, 2002. The parties resumed negotiations following the denial of the petition to appoint a guardian, and five months later agreed to a structured settlement in the amount of $7.1 million. The Honorable Joseph D. O'Keefe approved the settlement by order dated September 5, 2002.

The instant action for abuse of process was commenced by complaint on May 22, 2003. In this action, appellants claim damages for "mental anguish, anxiety and upset" caused by the filing of the petition to appoint a guardian

ad litem for their son in the underlying medical malpractice action. On August 6, 2004, the defendants filed a motion for summary judgment. Appellants' response was filed on September 7, 2004. This court granted the defendants' motion for summary judgment on October 15, 2004.[1]

Appellants filed a notice of appeal to the Superior Court on November 12, 2004, and filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) with this court on December 2, 2004.

## LEGAL DISCUSSION

Pennsylvania Rule of Civil Procedure 1035.2 delineates the situations in which it is appropriate for a court to enter summary judgment:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if . . . an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

In determining whether to grant summary judgment, a court will examine the record in the light most favorable to the non-moving party, accepting as true all well-pleaded facts and giving the non-moving party the ben-

---

1. Although this court entertained oral argument on November 10, 2004, on appellants' motion for reconsideration of the order of October 15, 2004, granting summary judgment in favor of defendants, reconsideration was not granted.

efit of all reasonable inferences that could be drawn therefrom. *Elder v. Nationwide Insurance Co.,* 410 Pa. Super. 290, 599 A.2d 996 (1991); *McDonald v. The Marriott Corp.,* 388 Pa. Super. 121, 564 A.2d 1296 (1989). Summary judgment may properly be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Marks v. Tasman,* 527 Pa. 132, 134, 589 A.2d 205, 206 (1991).

First, summary judgment was proper where the legal process was not filed against appellants in their individual capacities. Appellants withdrew all of their own claims in their own right in the underlying medical malpractice action prior to its submission to the jury, proceeding solely in their capacity as the parents and natural guardians of their minor son Adam. The legal process in question (the petition to appoint a guardian ad litem) was filed subsequent to the withdrawal of appellants' individual claims. It is undisputed that the petition was filed against appellants in their capacity as the parents and natural guardians of Adam *only,* and not against them in their own right as individuals. In Pennsylvania, it is well established that an action for wrongful use of civil process cannot be brought by individuals who were not parties in the underlying action. *Rosen v. American Bank of Rolla,* 426 Pa. Super. 376, 383, 627 A.2d 190, 193 (1993); *Mi-Lor Inc. v. DiPentino,* 439 Pa. Super. 636, 654 A.2d 1156 (1995). Thus, summary judgment was properly granted on this ground alone.

Second, summary judgment was further proper where appellants failed to produce evidence to establish the tort

of abuse of civil process. It is well established that a cause of action for the tort of wrongful use of civil process requires a plaintiff to allege and prove the following three elements: (1) that the underlying proceedings were terminated in favor of the plaintiff; (2) that the defendant caused these proceedings to be instituted without probable cause; and (3) that the proceedings were instituted primarily for an improper purpose. *Kelly-Springfield Tire Company v. D'Ambro,* 408 Pa. Super. 301, 596 A.2d 867 (1991). A person has probable cause to bring an action when he reasonably believes in the facts on which it is based and in the viability of the legal theory under which it is brought. *Gentzler v. Atlee,* 443 Pa. Super. 128, 660 A.2d 1378 (1995). The existence of probable cause is a matter of law for the court to decide. *Id.*

Moreover, in order to state a cause of action for abuse of process, it is not enough that the defendant had bad or malicious intentions or that the defendant acted from spite or with an ulterior motive. *Rosen v. Tesoro Petroleum Corp.,* 399 Pa. Super. 226, 582 A.2d 27 (1990), *allocatur denied,* 527 Pa. 636, 592 A.2d 1303 (1991). There must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action. There is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. *Shaffer v. Stewart,* 326 Pa. Super. 135, 473 A.2d 1017 (1984); *Al Hamilton Contracting Co. v. Cowder,* 434 Pa. Super. 491, 644 A.2d 188 (1994).

Instantly, appellants aver that Mr. Gold, on behalf of Princeton, filed a petition to appoint a guardian ad litem for Adam, in which it was alleged that appellants were

failing to act in Adam's best interest in refusing to accept a substantial settlement offer, primarily for the purpose of coercing appellants into accepting a settlement. The defendants, on the other hand, aver that they believed that appellants, who were experiencing marital problems at the time of settlement negotiations, had a disagreement between themselves as guardians/representatives of Adam, concerning whether to accept the settlement offer. The defendants further aver that they were concerned that this situation might create a potential conflict of interest in connection with the representation of Adam's interests during settlement.

It is this court's opinion that the defendants' action in seeking an appointment of a guardian ad litem to represent Adam's interests in the settlement of the underlying action was a legitimate object of the process, despite the fact that defendants' petition to have such a guardian appointed was denied. See *McGee v. Feege,* 517 Pa. 247, 535 A.2d 1020 (1987); Pa.Phila.Civ.R. 2039.1(C). The legal process employed in seeking the appointment of a guardian was appropriate to ensure that Adam's interests would be properly represented in settlement. The filing of the petition was not used to accomplish a purpose for which the process was not designed, even if the defendants had an ulterior motive in reaching a settlement agreement in the underlying case. See *Al Hamilton Contracting Co. v. Cowder, supra.* The evidence which appellants have produced in this action suggests nothing more sinister or malicious than a dispute over the settlement amount. The issue of whether the minor child's interests were being adequately protected by appellants, as his parents and natural guardians, in these settlement

negotiations was not so definitive that defendants should have been able to raise the question only at the risk of a second action for abuse of process. See *Mi-Lor Inc. v. DiPentino, supra* (summary judgment in favor of defendant landlords affirmed in plaintiff tenants' claim of wrongful use of civil proceedings because there was no showing that the defendants attempted to misuse the civil process since there was a legitimate legal dispute). Accordingly, there are no facts to support the instant action for abuse of civil process.

In view of the foregoing, it is the opinion of this court that its grant of summary judgment in favor of the defendants should be affirmed.