## Land v. Dezigns Inc.

*Robert W. Small,* for appellants.

*R. Anthony Michetti,* for appellees Mercoli and Grimes & Grimes LLC.

*David Banks,* for appellees Hartley and Dezigns Inc.

RUBENSTEIN, *J.,* March 12, 2008—Plaintiffs/appellants, Brian J. Land, Annapolis Consulting Inc., Infra-Red Services Inc., Aquatite Incorporated and Ecology Roof

Systems Inc., appeal from this court's order of December 5, 2007 sustaining the preliminary objections of defendants/appellees, Dezigns Inc., Michael Hartley, Gino P. Mecoli, Esquire, and Grimes & Grimes LLC, and dismissing appellants' first amended complaint (Bucks County civil action no. 07-06333-26-2) because of the pendency of a prior action (Bucks County civil action no. 05-01757).

## PROCEDURAL AND FACTUAL BACKGROUND

Appellant Brian J. Land resides in Jamison, Bucks County, Pennsylvania. Appellants Annapolis Consulting Inc., Infra-Red Services Inc. and Aquatite Incorporated are Pennsylvania corporations wholly owned by appellant Land. Land is a sales representative for appellant Ecology Roof Systems Inc., a corporation based in Fullerton, California. (Plaintiffs' first amended complaint ¶¶ 1-3.)

Appellee Michael Hartley resides in Pennsauken, New Jersey. Appellee Dezigns Inc. is a corporation wholly owned by Hartley. Appellee Gino P. Mecoli is a Pennsylvania attorney and a former associate with appellee Grimes & Grimes LLC who represented Hartley and Dezigns Inc. in a previous civil action. (Plaintiffs' first amended complaint ¶¶4-8.)

On August 2, 2007 appellants commenced an action against appellees for wrongful use of civil process (Dragonetti action) under Bucks County civil action no. 07-06333-26-2. In their complaint appellants alleged that appellees had violated the Pennsylvania Wrongful Use of Civil Process Statute, 42 P.S. §8351 et seq. by initiating "an underlying action," Bucks County civil action

no. 06-01344-32-1. This "underlying action" was captioned *"Dezigns Inc. v. Brian J. Land, Individually and d/b/a Annapolis Consulting and Annapolis Consulting AND Brian J. Land, Individually and d/b/a Infra Red Services Company and Infra Red Services AND Brian J. Land, Individually and d/b/a Aquatite Roof Systems and Aqua Tite Roof Systems AND Knause* [sic] *Foods Inc. AND Ecology Roof Systems."* (Plaintiffs' first amended complaint ¶¶6, 43.)

Appellants allege in their Dragonetti action that the "underlying action" (no. 06-01344-32-1) was filed by appellees in response to an earlier "original lawsuit," Bucks County civil action no. 05-01757-25-1, filed by appellants on March 15, 2005, and captioned *Ecology Roof Systems Inc. v. Dezigns Inc. and Michael Hartley.* (Plaintiffs' first amended complaint ¶¶10-14.)

In this "original lawsuit," plaintiff Ecology Roof Systems Inc. alleged improper conversion of materials by defendants Dezigns Inc. and Hartley, who therefore "owed Ecology money in respect of roofing materials sold by Ecolgy to Dezigns and Hartley in connection with three roofs to be installed on premises owned by Knouse [sic] Foods . . . located in Ortanna and Biglerville, Pennsylvania and Inwood, West Virginia." (Plaintiffs' complaint.)

After the filing of the complaint, preliminary objections, an answer and new matter, and responses thereto, as well as the issuance of an order compelling defendants to answer a third request for the production of documents, a hearing was held on November 17, 2006, before the Honorable Rea B. Boylan of this court. At the conclusion of that hearing an "agreement and order" was entered

which stated: "All required documents must be produced in 30 days." The next and last docket entry for this case occurred on March 16, 2007, and noted that an order was entered "withdrawing the appearance of Gino P. Mecoli, Esquire for the defendants and entering the appearance of Joseph P. Grimes, Esquire." There is no indication that any resolution has been reached in this matter, or that this case has been terminated.

The "underlying action," Bucks County civil action no. 06-01344-32-1, was filed on February 21, 2006, by Gino P. Mecoli, Esquire on behalf of plaintiff Dezigns Inc. against defendants Brian J. Land et al. Dezigns Inc. is a roofing contractor and asserted in its third amended complaint *verbatim* that it had "entered into an agreement with defendant KNAUSE through either defendant, Annapolis, INFRA-RED Services, AQUATITE, Ecology Roof Systems, and/or Brian J. Land, individually or as agent of KNAUSE, ANNAPOLIS, INFRA-RED Services, AQUATITE and/or Ecology Roof Systems to supply materials to re-roof a number of buildings owned by defendant KNAUSE." Dezigns further asserted that it "completed all work pursuant to the contract" and that "during the course of the work being completed" the defendants "did agree to change orders based on the necessities of the construction work" as well as "the additional costs associated with them." (Third amended complaint ¶¶14-18.)

Dezigns declared that it "submitted demands for payment to defendant, KNAUSE, for the completed work," but that defendant Brian J. Land "acting as an agent of Annapolis, INFRA-RED Services and/or Aquatite instructed defendant, KNAUSE, not to pay money to

plaintiff based on allegations that plaintiff owes money to an entity call [sic] Ecology Roof Systems." As a result, Dezigns alleged breach of contract and unjust enrichment by defendant Knause, interference with contract by defendants Brian J. Land, Infra-Red Services, Aquatite and/ or Ecology Roof Systems, and "loss of prospective business advantage" against defendants Brian Land and Ecology Roof Systems. (Third amended complaint ¶¶19-51.)

On May 1, 2007, the Honorable Jeffrey L. Finley of this court issued an order sustaining the preliminary objections of defendants Brian J. Land et al. and dismissing the third amended complaint "without prejudice." (Court order of May 1, 2007.) Significantly, defendants had maintained in their preliminary objections that, in addition to the failure to state causes of action against the various defendants, "Dezign's current lawsuit should be dismissed because of a prior pending action." (Preliminary objections of Brain J. Land, Infra-Red Services Company, Annapolis Consulting, Aquatite Roof Systems and Ecology Roofs Systems to the third amended complaint.)

Also contained in the record was an admission by new counsel for plaintiff, Dezigns Inc., that "moving (opposing) counsel is correct that the contentions set forth between our client and the named defendants in the present action should be asserted by way of counterclaim and/ or third party complaint in the currently pending action entitled *Ecology Roof Systems Inc. v. Dezigns Inc. and Michael Hartley* under Court of Common Pleas no. 05-01757-25-1" and that "we hereby agree to the dismissal without prejudice of the present action." (Letter

from Joseph P. Grimes, Esquire to Honorable Jeffrey L. Finley of March 9, 2007.)

Thereafter, on August 2, 2007, plaintiffs, Brian J. Land et al., filed the current lawsuit, (Bucks County civil action no. 07-06333-26-2) alleging that, because of appellees' "wrongfully procuring, initiating and maintaining the underlying action," appellees "violated the Pennsylvania Wrongful Use of Civil Process Statute, 42 P.S. §8351 et seq." The current lawsuit also seeks attorney's fees, costs and expenses as well as punitive damages. (Plaintiffs' first amended complaint ¶¶33, 43.)

On December 5, 2007, this court sustained the preliminary objections of defendants Grimes and Grimes LLC and Gino Mecoli, Esquire, and dismissed plaintiffs' first amended complaint because of the pendency of the prior action (*Ecology Roof Systems Inc. v. Dezigns Inc. and Michael Hartley*, Bucks County civil action no. 05-01757-25-1). (Court order of 12/5/07.)

On December 19, 2007, appellants, Brian J. Land, Annapolis Consulting Inc., Infra-Red Services Inc., Aquatite Incorporated and Ecology Roof Systems Inc., filed a notice of appeal from this court's order of December 5, 2007. On December 27, 2007, this court ordered appellants to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellants filed a "concise statement of matters complained of on appeal" on January 2, 2008.

On December 28, 2007, this court issued an order which decreed that the additional preliminary objections of defendants Dezigns Inc. and Michael Hartley, filed on November 23, 2007, were moot as a result of our order of December 5, 2007.

In their statement of matters complained of on appeal, appellants Brian J. Land et al. assert *verbatim* that:

"This court committed an error of law in dismissing this Dragonetti action because the claims which appellees asserted in the dismissed underlying action, as a matter of law, cannot be asserted in the Ecology action because all of those claims asserted that appellants were agents for Knouse [sic] with respect to the allegedly breached contract and, as matter of well-established Pennsylvania law, an agent cannot intentionally interfere with a contract between its principal and a third party . . . [and] [a]ccordingly, as a matter of law, there is no prior pending action in which the claims asserted by appellees in the underlying action can now be asserted."

Appellants further assert *verbatim* that:

"[E]ven were it possible for appellees to assert their interference with contract claims against appellants in the pending Ecology action, they have irrevocably waived their ability to do so because Pennsylvania Rule of Civil procedure 2253 requires any joinder complaint must be filed within 60 days after service of the original complaint upon the original defendant or the time for filing the joining party's answer to that original complaint and more than 60 days have expired . . . . Furthermore, where a party seeks to file a joinder complaint subsequent to the 60-day period established by Rule 2253, that rule requires that the person seeking to file a late joinder complaint proffer a reasonable justification for its failure to timely file the complaint and appellees herein failed to proffer in support of their preliminary objections which this court sustained in dismissing this Dragonetti action

any reasonable justification for why, nearly two and one-half years after the filing of the original complaint in the Ecology action, no joinder complaint has been filed in the Ecology action."

Appellants also assert *verbatim* that:

"[I]t was error for the court to dismiss this Dragonetti action. Rather, this court should have merely stayed this Dragonetti action and directed the appellees to file their claims asserted in the dismissed underlying action in the pending Ecology action within a reasonable period or suffer dismissal and overruling of their preliminary objections to this Dragonetti action on the grounds they had abandoned such claims."

## DISCUSSION

In responding to appellants' assertions that this court erred in dismissing their Dragonetti action, we initially observe that:

"Pennsylvania has codified the common-law cause of action for wrongful use of civil proceedings. The tort is interpreted and applied broadly against those who use legal process as a 'tactical weapon to coerce a desired result that is not the legitimate object of the process.' *Gen. Refractories v. Fireman's Fund Ins.,* 337 F.3d 297 (3d Cir. 2003) (quoting *McGee v. Feege,* 517 Pa. 247, 259, 535 A.2d 1020, 1026 (1987)). The Dragonetti Act allows the imposition of liability on an individual for wrongful use of civil proceedings if:

"(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties

or adjudication of the claim in which the proceedings are based; and

"(2) The proceedings have terminated in favor of the person against whom they are brought.

"42 Pa.C.S. §8351(a). Thus, the plaintiff in a Dragonetti action must show that he or she prevailed in the underlying action, that the Dragonetti defendants acted in a grossly negligent manner *or* without probable cause in pursuing the underlying action, *and* that they had an improper purpose in doing so." *Schmidt v. Currie,* 470 F. Supp.2d 477, 480 (E.D. Pa. 2005).

The Superior Court of Pennsylvania has also explained that:

"[w]hether a person has probable cause to initiate, continue or procure a civil action against another is dictated by 42 Pa.C.S. §8352, which provides:

"A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:

"(1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;

"(2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

"(3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a

civil cause is not intended to merely harass or maliciously injure the opposite party. 42 Pa.C.S. §8352." *Broadwater v. Sentner,* 725 A.2d 779, 782-83 (Pa. Super. 1999). Furthermore, this court is aware that:

"[t]he reasonableness of an attorney is assessed objectively. *Bannar v. Miller,* 701 A.2d 232, 238 (Pa. Super. 1997). In the context of a Dragonetti action, Pennsylvania courts have defined gross negligence to mean the 'want of scant care' or 'lack of slight diligence or care, or a conscious, voluntary act or omission in reckless disregard of a legal duty and of the consequences to another party, who may typically recover exemplary damages.' *Hart v. O'Malley,* 781 A.2d 1211, 1218 (Pa. Super. 2001). (citations omitted) Even if a Dragonetti plaintiff can show that the defendant either lacked probable cause in or acted with gross negligence by initiating or maintaining the underlying action, the defendant is not liable unless, as noted above, the plaintiff can demonstrate the underlying action was filed for an improper purpose. *Broadwater v. Sentner,* 725 A.2d 779, 784 (Pa. Super. 1999).

" 'An attorney who initiates a civil proceeding on behalf of his client, even if he has no probable cause and is convinced that his client's claim is unfounded, is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim.' *Id.* (citing *Gentzler v. Atlee,* 443 Pa. Super. 128, 135 n.6, 660 A.2d 1378, 1382 n.6 (1995)). Where the underlying action was filed or maintained without justification, an improper purpose may be inferred. *Id.* In a Dragonetti action against an attorney, Pennsylvania courts have explained that

"[a]n attorney is not required or expected to prejudge his client's claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances.

"*Id.* Nonetheless, an attorney who knowingly prosecutes a groundless action to accomplish a malicious purpose is liable under the Dragonetti Act. *U.S. Express Lines Ltd. v. Higgins,* 281 F.3d 383 (3d Cir. 2002)." *Schmidt,* 470 F. Supp.2d at 480-81.

Finally, the Superior Court of Pennsylvania has further elaborated upon the Dragonetti Act requirements:

"Wrongful use of civil proceedings 'is a tort which arises when a party institutes a lawsuit with a malicious motive and lacking probable cause.' *Ludmer v. Nernberg,* 433 Pa. Super. 316, 323, 640 A.2d 939, 942 (1994), *appeal denied,* 541 Pa. 652, 664 A.2d 542 (1995), *cert. denied, Nernberg v. Ludmer,* 517 U.S. 1220, 116 S.Ct. 1849, 134 L.Ed.2d 950 (1996) (quoting *Rosen v. Bank of Rolla,* 426 Pa. Super. 376, 382, 627 A.2d 190, 191 (1993)). The elements of the tort are set forth at 42 Pa.C.S. §8351. Additionally, the legislature has delineated five factors that a plaintiff must show to succeed in the action: (1) the defendant has procured, initiated or continued the civil proceedings against him; (2) the proceedings were terminated in his favor; (3) the defendant did not have probable cause for his action; (4) the primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based; and (5) the plaintiff has suffered dam-

ages. 42 Pa.C.S. §8354. These elements must be proven by a preponderance of the evidence. *Mi-Lor Inc. v. Di-Pentino,* 439 Pa. Super. 636, 640, 654 A.2d 1156, 1158 (1995)." *Kit v. Mitchell,* 771 A.2d 814, 819 (Pa. Super. 2001). (footnote omitted)

"Hence, in order to recover under the statute a plaintiff must prove (1) that the underlying proceedings terminated favorably to the plaintiff; (2) that the defendant caused those proceedings to be instituted without probable cause; and, (3) malice." *Rosenfield v. Pennsylvania Automobile Insurance Plan,* 431 Pa. Super. 383, 388, 636 A.2d 1138, 1141 (1994).

In applying these constraints to the instant action, it is clear that appellants have failed to demonstrate the presence of all of the elements necessary to sustain their Dragonetti action.

First, we note that appellants allege that appellees' counsel lacked the requisite "probable cause" to file their complaint under Bucks County civil action no. 06-01344-32-1. A review of appellees' third amended complaint, however, reveals the existence of an alleged payment dispute and the failure of appellants to pay appellees for "work completed." These allegations appear sufficient to justify causes of action for breach of contract, unjust enrichment and interference with contract.

Furthermore, "[e]ven if a Dragonetti plaintiff can show that the defendant either lacked probable cause in or acted with gross negligence by initiating or maintaining the underlying action, the defendant is not liable unless . . . the plaintiff can demonstrate the underlying action was filed for an improper purpose." *Schmidt, supra.* Ap-

pellants allege in their complaint that "the primary and improper purpose for which the underlying action was procured" included "seeking to induce Ecology to settle or withdraw claims against Hartley in the original lawsuit," seeking appellants "to incur significant legal fees in defending the underlying action" and damaging appellants' "reputation" with their customers and business associates. This does not necessarily demonstrate an "improper purpose," but instead simply suggests the unpleasant, and oftentimes expected, effects of complex, contentious litigation.

We again stress that "[a]n attorney who initiates a civil proceeding on behalf of his client, even if he has no probable cause and is convinced that his client's claim is unfounded, is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim." *Schmidt, supra.* While it appears that Attorney Mecoli may have improperly filed his clients' claims under a new docket number rather than pursuing a proper joinder under the "original lawsuit," his actions do not reveal a clear abuse of civil proceedings.

In interpreting 42 Pa.C.S. §8352, the Superior Court has held that "appellants must prove that [defendant] had no reasonable basis for filing the underlying action." *Broadwater,* 725 A.2d at 784. Since appellees asserted in the "underlying action" that appellants owed appellees money for allegedly agreed-upon "change orders" and "additional costs associated with them," and appellants have offered no evidence to rebut this assertion, this would appear to be a reasonable basis for filing the "underlying action."

This court also notes most importantly that the "underlying actions" have not been terminated in appellants' favor. As a result, appellants' Dragonetti action is premature. As noted above, the "original lawsuit," *Ecology Roof Systems Inc. v. Dezigns Inc. and Michael, Hartley,* Bucks County civil action no. 05-01757-25-1, has not been terminated. In addition, Judge Finley's order dismissed appellees' third amended complaint (the "underlying action," no. 06-01344-32-1) "without prejudice" and therefore the "underlying action" was not terminated in appellants' favor.

While appellants' assertion that appellees "have irrevocably waived their ability" to "assert their interference with contract claims against appellant in the pending Ecology action" because of "well established" principles of Pennsylvania agency law and "Pennsylvania Rule of Civil Procedure 2253" may indeed have merit, appellants have not addressed appellees' claims of breach of contract or unjust enrichment against appellants.

Furthermore, Pennsylvania Rule of Civil Procedure 1003 states:

"Rule 1003. Waiver of rules. Extension of time.

"Rules relating to the manner of commencing an action or the time for serving process or for filing or serving pleadings may be waived by agreement of the parties. The court on cause shown may extend or shorten the time within which pleadings shall be filed or process served." Pa.R.C.P. 1003.

The Superior Court of Pennsylvania has also held that:

"Pa.R.C.P. 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This

rule is not mandatory but permissive. We have held that late pleadings may be filed 'if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court.'

"Where possible, the rules of civil procedure, including filing rules, should be liberally construed in order to effect equitable results. Pa.R.C.P. 126 . . . ." *Boarts v. McCord,* 354 Pa. Super. 96, 101, 511 A.2d 204, 207 (1986). (citations omitted)

Therefore, it is clearly conceivable that appellees may be permitted, through proper judicial procedures and the court's discretion, to amend their pleadings under the "original lawsuit." As a consequence, this court cannot conclude that the underlying actions have been definitively terminated in appellants' favor.

We also note parenthetically that appellants' assertion in their preliminary objections to the "underlying action" that the "current lawsuit should be dismissed because of a prior pending action" implies that their claims are meritorious and recognizes that the "original lawsuit" has not been terminated. Appellants cannot therefore simultaneously contend that appellees lack probable cause to initiate the "underlying action" or that the "underlying action" has been terminated in their favor.

Although it may have been procedurally suspect, there was an apparent reasonable justification for appellees' counsel to file the "underlying action" (no. 06-01344-32-1). Additionally, because the "original lawsuit," (no. 05-01757-25-1), was not terminated in appellants' favor, this court concluded that the requisite statutory requirements of 42 Pa.C.S. §8551 et seq. had not been proven

by a preponderance of the evidence. Appellants' Dragonetti action was therefore premature and was appropriately dismissed.

Appellants also assert that it was error to dismiss their Dragonetti action rather than issue a stay and direct appellees to refile their claims under the "original lawsuit." Appellants have, on one hand, asserted appellees' wrongful use of civil proceedings, which requires that they demonstrate that appellees have "acted in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based." 42 Pa.C.S. §8351(a). On the other hand, appellants assert that appellees should have been directed to refile their claims under the "original lawsuit," which clearly concedes that they believe appellees' claims may have merit.

If this court followed appellants' suggestion by staying, rather than dismissing, the case sub judice, the presence of this pending Dragonetti action would act as a proverbial sword of Damocles hanging over appellees in all prior and subsequent litigation. Appellants would then be placed in a position where they would be using the "legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process." *Schmidt, supra.*

For the foregoing reasons this court entered its order of December 5, 2007, sustaining appellees' preliminary objections and dismissing appellants' first amended complaint.